UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED

AUG 05 2011

AUG 0 5 2011

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

James M. Tibor,          )
                         )
     Plaintiff           )
                         )
                         )       11 C 5326
vs.                      )       Judge Blanche M. Manning
                         )       Magistrate Judge Geraldine Soat Brown
                         )
Kane County, Illinois;   )
Danielle A. Neely;       )       Complaint Under
Mark Brent;              )       42 Section 1983
                         )
     Defendants          )

COMPLAINT UNDER THE CIVIL RIGHTS ACT,
42 SECTION 1983 U.S. CODE

This complaint is brought seeking a declaratory judgment,
injunctive relief, damages, and all other relief available to
redress the past and ongoing deprivations by the defendants
of the plaintiff's rights, liberties, privileges, and immunities
as secured by the Constitution of the United States, namely
the First and Fourteenth Amendments.

PARTIES AND JURISDICTION

1. Plaintiff is a citizen of the United States who
presently resides in the City of Marion, County of Williamson,
State of Illinois;

2. This action is brought against the following defendants:

a. Kane County, Illinois; a municipality in the northern
district of Illinois and while doing the wrongs alleged in this

1

complaint acted under the color of law and within this court's jurisdiction committed the acts and wrongs alleged herein;

b.   Danielle A. Neely; an individual who resides in the City of Bradenton, State of Florida; former spouse of the plaintiff with whom plaintiff has two minor children which currently reside with defendant Neely, and from whom plaintiff divorced in 2003 through which the proceedings were, and still remain, in the jurisdiction of Kane County, Illinois;

c.   Mark Brent; an attorney licensed in the State of State of Illinois with a primary business address of the City of Aurora, County of Kane, State of Illinois; and who in conjunction with defendant Neely committed the wrongs alleged in this complaint;

3.   This court has jurisdiction of this action under both Title 28 U.S.C. 1331 and 1332; the wrongs alleged were in violation of the United States Constitution, the plaintiff seeks damages in excess of $75,000, and the defendants are dispersed among different states.

4.   This action arises under the First and Fourteenth Amendments of the Constitution of the United States, and under the laws of the United States, in particular, 42 U.S.C. 1983.

FIRST CLAIM

5. On January 8, 2008, defendants Neely and Brent obtained
an order from the family court of Kane County, Illinois that
suspended the visitation between plaintiff and the plaintiff's
minor children who reside with defendant Neely.

6. At the time defendants Neely and Brent obtained said
order, plaintiff was being held in pre-trial custody at the
DuPage County Jail in Wheaton, Illinois on a charge involving
a non-violent white-collar offense. Plaintiff had been in said
pre-trial custody since October 17, 2007.

7. Defendants Neely and Brent were well aware of the
plaintiff's location as plaintiff had made multiple telephone
call attempts to reach his minor children at defendant Neely's
location while in pre-trial confinement.

8. Defendants Neely and Brent seized the opportunity of
plaintiff's situation to obtain the order to suspend all visit-
ation between the plaintiff and the plaintiff's minor children
while plaintiff was unable to have knowledge of the motion.

9. Defendants Neely and Brent obtained the order of
January 9, 2008 without providing plaintiff any notice. Neither
the DuPage County Jail nor the DuPage County Sheriff has any
record of any notice, service, or any other form of communication
to plaintiff from either defendant Neely or Brent before or
after January 9, 2008.

3

10. Defendants Neely and Brent obtained the order of January 9, 2008 without any notice and due process, which deprived plaintiff of a historical liberty interest without due process as guaranteed by the First and Fourteenth Amendments of the Constitution of the United States.

11. On September 28, 2009, plaintiff - who at that time was in the custody of the Illinois Department of Corrections in relation to the charges in the aforementioned DuPage case was served notice from defendants Neely and Brent regarding a motion to modify custody; the motion was filed in Kane County, Illinois.

12. Incorporated in the September 28, 2009 motion was language which referenced the order to suspend visitation which was obtained by defendants Neely and Brent on January 9, 2008.

13. Prior to receiving the notice on September 28, 2009, plaintiff did not know nor should he have known that defendants Neely and Brent obtained any order from January 9, 2008, nor did plaintiff know nor should he have known that the order of January 9, 2008 even existed.

14. Plaintiff became aware that his constitutional rights were violated on September 28, 2009.

15. The manner in which the order was obtained by defendants Neely and Brent on January 9, 2008 was by deceit to both the plaintiff and the family court of Kane County, Illinois as plaintiff was never given notice of the motion.

4

16. The manner in which the order of January 9, 2008 was obtained and which deprived plaintiff of a historical liberty interest - namely the ability to communicate with his own children - was without any due process as requred by the United States Constitution.

17. As a result of the actions of defendants Neely and Brent, plaintiff has suffered and continues to suffer irreparable harm and injury.

18. The actions by defendants Neely and Brent were done willfully, unlawfully, malicously, and in wanton disregard for the Constitutional rights of plaintiff and for the laws of the United States.

19. Plaintiff has no other avenue in which to obtain the relief he seeks from the actions of defendants Neely and Brent that this complaint; no other court can provide the relief the plaintiff seeks from this complaint.

20. Plaintiff cannot obtain relief from any further litigation against defendants Neely and Brent in the furture.

SECOND CLAIM

21. Plaintiff incorporates paragraphs 1 through 20.

22. In December 2009, plaintiff ended his term of incarceration with the Illinois Dept. of Correctios and was transferred to federal custody in Marion, Illinois, where he is now.

23. On April 9, 2010, Plaintiff filed a motion with defendant Kane County in an effort to obtain relief from the order enterd without due process on January 9, 2008.

24. Plaintiff's motions were received by the clerk of defendant Kane County, were filed, and copies of said filings were returned to Plaintiff showing they were filed and properly received by defendant Kane County.

25. Plaintiff had the motions scheduled for May, 2010 before defendant Kane County.

26. Plaintiff, being in the custody of the federal government, cannot be transferred by writ of habeas corpus to the family court of Kane County. The Regional Director of the FBOP informed Plaintiff on April 27, 2010 that the FBOP does not recognize nor will honor any such writ from a family court; Plaintiff must utilize the same process allowed to others in the federal system: he can participate in any family court hearing via telephone.

27. As such, Plaintiff has no ability or method of appearing inperson before defedant Kane County in regards to his family court motions.

28. Proper notice regarding the May 2010 scheduled hearing was served to defendant Neely, who fild a response to Plaintiff's motion and sent same to defendant Kane County.

29. Both parties asked the court to rule on Plaintiff's motion without oral argument.

30. On the date of the hearing, defendant Kane County refused to hear the motions. In a correspondence to Plaintiff from defendant Kane County in June 2010, it was stated that the court was unable to hear and rule on the motions because Plaintiff is not represented by counsel.

31. Plaintiff, with the assistance of USP Marion Staff, telephoned the court of defendant Kane County in an attempt to arrange for Plaintiff to participate in a subsequent hearing of the motions via telephone. The defendant Kane County informed both Plaintiff and USP Marion Staff that Plaintiff must retain counsel if he wishes his motions to be heard by the court.

32. Plaintiff has no resources to hire an attorney.

33. Plaintiff again scheduled the motions to be heard by defendant Kane County for July 12, 2010.

34. Defendant Kane County again refused to hear the motions citing that Plaintiff is not represented by counsel.

35. In September 2010, Plaintiff contacted Prairie State Legal Services in St. Charles, Illinois. PSLS is a service funded by government grants which provides civil and family legal services to indigent citizens in Illinois. Plaintiff asked PSLS for it's assistance in the matter before Kane County. Plaintiff's request was denied.

36. In October 2010, Plaintiff submitted the first of a series of four written correspondences to the Kane County Bar Association in Geneva, Illinois in an effort to obtain a referral to an attorney who can assist Plaintiff in the matter pertaining to the Kane County motions, and could provide such assistance pro-bono or via deferred payment. Plaintiff did not receive a single reply to his four requests.

37. In November 2010, Plaintiff submitted written correspondences with Judge John Noverini, the presiding judge in Plaintiff's family case with defendant Kane County, and Judge Marie Kostelny, chief judge of the family court with defendant Kane County, seeking some method of how Plaintiff's motions could be heard by defendant Kane County. Both judges returned Plaintiff's requests with admonishments that they cannot personally assist Plaintiff and that Plaintiff cannot communicate with the court directly.

38. Between November 2010 and February 2011, Plaintiff sent 9 written correspondences to 9 different family attorneys in and around Kane County, Illinois seeking pro-bono or deferred payment respresentation pertaining to the family court matters before Kane County. Plaintiff received no responses to any of his 9 sent correspondences.

39. On April 6, 2011, Plaintiff yet again had his motions scheduled before defendant Kane County.

40. On the hearing date of April 6, 2011, members of Plaintiff's family appeared before defendant Kane County on behalf of Plaintiff.

41. Defendant Kane County admonished Plaintiff's family stating that unless one of them is an attorney the court would not hear or rule on the Plaintiff's motions. Since none of the members of Plaintiff's family are licensed attorneys, the hearnig was closed.

42. On May 27, 2011, Plaintiff granted his mother Power of Attorney to act on his behalf before the court of defendant Kane County pertaining to the family court motions filed by Plaintiff.

43. On June 1, 2011, Plaintiff yet again had his motions scheduled before defendant Kane County. Appearing on that date before the court were several members of Plaintiff's family, and friends of Plaintiff, as well as Plaintiff's mother who had in her possession the Power of Attorney given to her by Plaintiff to act on his behalf before the court.

44. Plaintiff provided defendant Kane County with the Power of Attorney granting her the ability to act on behalf of Plaintiff in the pending matter.

45. Defendant Kane County refused yet again to hear the motions, and issued a verbal reprimand to Plaintiff's family and friends and girlfriend that despite having Power of Attorney,

plaintiff's mother is not actually an attorney and therefore the court refused to hear and rule on plaintiff's motions.

46. Defendant Kane County then admonished plaintiff's family yet again that until plaintiff has an attorney appear before the court on behalf of plaintiff the court will not hear or rule on plaintiff's motions.

47. Since plaintiff cannot afford to retain legal counsel and has exhausted every known possible remedy to obtain one pro-bono, defendant Kane County has effectually foreclosed plaintiff from any access to the court.

48. Defendant Kane County has no provision or avenue for a pro-se litigant – particularly one who is incarcerated – to access the family court unless they can afford to hire legal counsel. There is no provision offered by defendant Kane County for a pro-se litigant who is incarcerated in the federal system to access the family court if that pro-se litigant cannot afford to hire an attorney.

49. Defendant Kane County has demonstrated a well-settled and widespread practice and policy that denies due process and access to the court for any pro-se litigant who cannot afford legal counsel and who cannot appear before the family court in person as is the situation with plaintiff.

50. Defendant Kane County has erected barriers that impede plaintiff's rights to access the court and to due process, and has enacted a procedural roadblock that has foreclosed plaintiff from invoking his right to due process in the family court in pursuit of a meritorious claim.

51. The underlying action plaintiff has before defendant Kane County, whether anticipated or lost, is the right of plaintiff to be able to access the court and be heard by the court to litigate meritorious claims involving plaintiff's historical liberty interest, namely, his own children. Regardless of the potential outcome from any such litigation, defendant Kane County has denied plaintiff any access to the court and due process.

52. Even if plaintiff were to obtain relief from the order of January 9, 2008 from a state court, plaintiff would not be able to obtain any relief as sought through this complaint. The relief plaintiff seeks from this court is not to reverse the order of January 9, 2008 but to hold defendant Kane County accountable for its actions in preventing and procedurally road-blocking plaintiff from having access to the court to litigate redress for that same order.

53. The remedy this court can grant plaintiff and which plaintiff seeks from this complaint is that which no other court can grant, nor can plaintiff obtain from any other litigation. Defendant Kane County's violations of the plaintiff's rights under the United States Constitution is not otherwise available for redress by plaintiff than this complaint.

## THIRD CLAIM

54.  Plaintiff incorporates paragraphs 1 through 53.

55.  In August 2008, September 2009, and again in April 2010, plaintiff filed with defendant Kane County motions to abate child support as plaintiff is incarcerated and is unable to meet the schedule of child support payments currently in place.

56.  As outlined in this complaint, defendant Kane County refuses to hear plaintiff's motions as plaintiff is pro-se, is incarcerated, and cannot afford legal counsel.

57.Plaintiff has been denied due process as defendant Kane County refuses to hear plaintiff's motions to abate child support and as a result of same the arrearage being built of plaintiff's past-due child support continues to mount at a pace reflective of plaintiff's income which does not exist, and therefore is building at a rate that is both based on incorrect income level and at an unsurmountable rate.

58.  The actions of defendant Kane County has again fore-closed plaintiff from his right to access to the court and from due process involving a meritorious claim.

RIGHT TO DAMAGES

59. As a result of the willful and intentional violation of plaitiff's rights as guaranteed by the Fourteenth Amendment of the United States Constitution by defendant Neely, the plaintiff has suffered significant harm and injury, emotional distress, and damages in a sum to be shown by proof at trial.

60. As a result of the knowing and intentional violation of plaintiff's rights as guaranteed by the Fourteenth Amendment of the United States Constitution by defendant Brent, the plain- tiff has suffered signfiicant harm and injury, emotional dis- tress, and damages in a sum to be shown by proof at trial.

61. As a result of the willful and knowing violation of plaintiff's rights as guaranteed by the First and Fourteenth Amendments of the United States Constitution by defendant Kane County, the plaintiff has suffered significant harm and injury, emotional distress, and damages in a sum to be shown by proof at trial.

62. The defendants in this complaint have all made no attempt in any manner to prevent the constitutional violations inflicted upon plaintiff.

63. The defendants in this complaint have all made no attempt in any manner to remedy or resolve the constitutional violations inflicted upon plaintiff.

64. Plaintiff's claim against defendant Kane County and the relief sought in this complaint as recompense is not otherwise available in some suit that may yet be brought.

65. Plaintiff's claim against defendants Neely and Brent and the relief sought in this complaint as recompense is not that which plaintiff can obtain in come suit that can be brought in the future, or via any other forum.

66. The actions of defendants Neely and Brent were unconstitutional as they violated the plaintiff's right to due process under the Fourteenth Amendment of the Constitution of the United States. Regardless of the outcome of what that litigation may have developed, the right of giving plaintiff due process is a right that defendants violated when they obtained the order that deprived plaintiff of a historical liberty interest on January 9, 2008.

67. The actions of defendant Kane County were unconsitutional as they violated and continue to violate plaintiff's right to due process and access to the court as guaranteed to plaintiff under the First and Fourteenth Amendments of the United States Constitution. Regardless of the outcome of the litigation plaintiff has before defendant Kane County, the right of giving plaintiff a procedure or avenue through which plaintiff can access the court and to obtain due process is a right that the defendant violated and continues to violate while they sustain their custom or policy of denying pro-se family court litigants who cannot afford legal counsel - and those who are incarcerated - from access to the court and from due process.

68. The judicial process for the State of Illinois does not provide a fair procedure to remedy the wrongs inflicted upon plaintiff by the defendants.

    a. Defendant Neely does not reside in this State of Illinois and therefore no court in the State of Illinois can provide relief sought by plaintiff as that which this court can provide;

    b. Defendant Brent is an attorney in the State of Illinois and plaintiff can seek relief for his actions through the state judicial process, yet his actions are so inextractibly tied to those of defendant Neely that plaintiff submits the proper venue is this complaint through which recompense can be obtained;

    c. Defendant Kane County is a municipality in the State of Illinois and plaintiff cannot seek the relief he seeks against the defendant as outlined in this complaint from the state judicial process.

69. The punitive nature of the deprivations caused by defendants Neely and Brent compel the plaintiff to seeks damages that will be proven at trial in excess of $75,000.

70. The egregious nature of the deprivations and ongoing deprivations caused by defendant Kane County compel the plaintiff to seek damages that will be proven at trial in excess of $75,000.

71. The nature of the violations alleged by plaintiff that all the defendants committed were against the Constitution

of the United States of America.

72.   Plaintiff does not seek through this action and com-
plaint the reversal or modification of any order issued by the
family court of Kane County, but rather seeks recompense and
accountability from the defendants for their violations of the
plaintiff's constitutional rights, regardless of whether or
not the plaintiff is successful or unsuccessful in achieving
the reversal or modification of said family court orders through
the state judicial process which plaintiff is currently pursuing.

73.   Any modification or reversal of the aforementioned
family court orders issued by Kane County pertaining to the
plaintiff as referenced in this complaint is independent of
the claim plaintiff makes in this complaint against the de-
fendants, and the relief sought by plaintiff in this complaint
is relief that cannot be obtained through the state judicial
process available to plaintiff.

74.   The actions of the defendants as outlined in this
complaint cannot be remedied if and/or when plaintiff is able
to reverse the aforementioned family court orders with Kane
County through the state judicial process, as the remedy the
plaintiff seeks through this complaint is that which holds the
defendants accountable for the constitutional deprivations and
wrongs committed against plaintiff which have already taken
place and that no state judicial order can remedy.

16

PRAYER FOR RELIEF

Plaintiff prays that this Honorable Court will grant the following relief:

A. Advance this matter on the docket and rule on this complaint at the earliest possible and practicable date, and cause this matter to be in every way expedited;

B. Grant the plaintiff the ability to proceed in forma pauperis;

C. Issue a preliminary and permanent injunction enjoining defendant Kane County from continuing and operating its policy and practice of depriving plaintiff access to the court and from due process;

D. Issue a declaratory judgment against defendant Kane County that its actions were in violation of the First and Four-teenth Amendments of the Constitution of the United States;

E. Issued a delcaratory judgment against defendants Neely and Brent that their actions were in violation of the Fourteenth Amendment of the Constitution of the United States;

F. Issue sanctions against all defendants for their past and ongoing violations of plaintiff's constitutional rights;

G. Award plaintiff damages against defendants Neely and Brent in excess of $75,000 for their deprivations of the plaintiff's historical liberty interest on January 9, 2008 without due process in violation of the Fourteenth Amendment of the Constitution of the United States;

H. Award plaintiff punitive damages against defendants Neely and Brent in excess of $75,000 for the egregious, punitive, and intentional deprivation they caused plaintiff; to invoke respect for the laws of the United States; and to deter future violations;

I. Award plaintiff punitive damages against defendant Brent as his actions were in a knowing disregard for the plaintiff's rights as defendant Brent is a trained and licensed attorney at law;

J. Award plaintiff damages in excess of $75,000 against defendant Kane County for the past and ongoing deprivations is has caused the plaintiff through its failure to allow the plaintiff to access the court and to achieve due process in violation of the First and Fourteenth Amendments of the Constitution of the United States;

K. Grant plaintiff leave to pursue class action status in a subsequent action against defendant Kane County in regards to defendant Kane County's procedural roadblock that has likely prevented a large quantity of pro-se incarcerated litigants in family court from access to the court and due process;

L. Grant plaintiff leave to pursue class action status for a subsequent action against defendant Kane County in regards to defendant Kane County's procedural roadblock and custom/policy that denies access to the court and due process for any pro-se family court litigant who has been denied by the family court of Kane County due process by being told by the court that they cannot proceed without the representation of legal counsel and which has foreclosed a likely gross quantity of pro-se family court litigants from due process and in violation of their constitutional rights;

M. Award plaintiff the costs and fees associated with this complaint and action;

N. Grant plaintiff any other relief that this Honorable Court deems fair and just.

<u>JURY DEMAND</u>

The plaintiff demands a trial by jury.

Dated: _7-28-11_

Signature: _____

James Tibor
Plaintiff    Pro-se
PO Box 1000
Marion, Illinois  62959

7/28/11

Official Seal
Melissa J Lewis
Notary Public State of Illinois
My Commission Expires 09/24/2011

## AFFIDAVIT

I, James M. Tibor, under penalty of perjury, do hereby state that the claims, statements, and allegations put forth in the Complaint under 42 Section 1983 are true and accurate and made without evasion.

Dated: 7-28-11

Signature:

James M. Tibor
Plaintiff  Pro-se
40908-424
USP Marion
PO Box 1000
Marion, Illinois  62959

7/28/11

Official Seal
Melissa J Lewis
Notary Public State of Illinois
My Commission Expires 09/24/2011